J-S47018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY HUNTER | |
| Appellant | No. 29 MDA 2016 |

Appeal from the PCRA Order December 22, 2015
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0004419-2013
CP-36-CR-0004434-2013
CP-36-CR-0004439-2013
CP-36-CR-0004581-2013

BEFORE: SHOGAN, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.: **FILED JUNE 29, 2016**

Appellant Anthony Hunter appeals from the order of the Lancaster County Court of Common Pleas dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. Appellant's counsel filed a ***Turner/Finley***[1] no-merit brief with this Court and a motion seeking permission to withdraw as counsel. We affirm and grant counsel's motion.

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa.1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super.1988) (*en banc*).

On October 31, 2013, Appellant entered a negotiated guilty plea to three counts of delivery of a controlled substance (heroin),[2] three counts of criminal use of a communication facility,[3] one count of conspiracy to commit delivery of a controlled substance (heroin),[4] and one count of theft by unlawful taking.[5] The trial court sentenced Appellant pursuant to the negotiated agreement to an aggregate term of 4 to 10 years' incarceration.[6] Appellant did not file a direct appeal.

On September 30, 2015, Appellant filed a *pro se* PCRA petition that alleged he had been illegally sentenced to an illegal mandatory minimum[7] sentence pursuant to ***Alleyne v. United States***, -- U.S. ---, 133 S.Ct. 2151

---

[2] 35 P.S. § 780-113(a)(30).

[3] 18 Pa.C.S. § 7512(a).

[4] 18 Pa.C.S. § 903.

[5] 18 Pa.C.S. § 3921(a).

[6] The trial court sentenced Appellant to concurrent 4 to 10 year terms of incarceration on each of the three delivery convictions, which were subject to the Youth/School Zone sentencing enhancement contained in 204 Pa.Code § 303.10(b). The trial court imposed concurrent terms of 1 to 2 years' incarceration on the criminal use of a communication facility convictions. The trial court imposed no further penalty on the theft by unlawful taking conviction.

[7] Appellant alleged he had been illegally sentenced pursuant to 42 Pa.C.S. § 9712, sentences for offenses committed with firearms.

(2013).[8] The PCRA court appointed counsel, who filed an amended PCRA petition on November 17, 2015, alleging Appellant's sentence was illegal due to the imposition of the mandatory minimum sentence under 18 Pa.C.S. § 6317,[9] and due to the application of the school zone sentencing enhancement. On November 24, 2015, the PCRA court filed a Rule 907 notice of intent to dismiss Appellant's PCRA petition without a hearing ("Rule 907 notice"). On December 22, 2015, the PCRA court dismissed the petition.

Appellant filed a notice of appeal on January 5, 2016, and a Pa.R.A.P. 1925(b) statement of errors complained of on appeal on January 21, 2016. On January 29, 2015, the PCRA court filed a Pa.R.A.P. 1925(a) opinion. On March 29, 2016, counsel filed a **Turner/Finley** no-merit brief with this Court together with an application seeking permission to withdraw ("Application to Withdraw"). The Commonwealth did not file a brief.

_____

[8] In **Alleyne**, the Supreme Court of the United States held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, 133 S.Ct. at 2155.

[9] 18 Pa.C.S § 6317, drug-free school zones, provided a 2-year mandatory minimum sentence for drug infractions committed within 1000 feet of a school, or within 250 feet of a recreation center or playground, or on a school bus. Our Supreme Court ruled Section 6317 unconstitutional in **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa.2015). The record reveals, however, that the trial court sentenced Appellant under the school zone sentencing enhancement contained in 204 Pa.Code § 303.10(b), not the drug-free school zone mandatory minimum of Section 6317.

Before we may address the merits of Appellant's claim, "we must determine if counsel has satisfied the requirements to be permitted to withdraw from further representation." *Commonwealth v. Freeland*, 106 A.3d 768, 774 (Pa.Super.2014). Competent PCRA counsel must conduct an independent review of the record before we can authorize counsel's withdrawal. *Id.* The independent review

> requires counsel to file a 'no-merit' letter detailing the nature and extent of his review and list[ing] each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit.

*Id.* (internal citation omitted).

PCRA counsel must also "serve a copy on the petitioner of counsel's application to withdraw as counsel, and must supply to the petitioner both a copy of the 'no-merit' letter and a statement advising the petitioner that . . . he or she has the right to proceed *pro se* or with the assistance of privately retained counsel." *Commonwealth v. Widgins*, 29 A.3d 816, 818 (Pa.Super.2011) (quoting *Commonwealth v. Friend*, 896 A.2d 607 (Pa.Super.2006), *abrogated in part by Commonwealth v. Pitts*, 981 A.2d 875, 876 (Pa.2009)).

Counsel has substantially complied with the dictates of *Turner/Finley*. In the no-merit brief, counsel provides a summary of the facts and procedural history of the case with citations to the record, refers to evidence of record that might arguably support the issue raised on appeal,

provides citations to relevant case law, and states his conclusion that the appeal is wholly frivolous and his reasons therefor. *See Turner/Finley* Brief, pp. 3-4. Additionally, counsel contemporaneously filed his Application to Withdraw with the brief.[10] The Application to Withdraw states that counsel made a careful and conscientious review of the record, researched the issues and potential issues for appeal, and stated counsel's determination that Appellant's appeal is without merit. *See* Application Withdraw, ¶ 1 (*Turner/Finley* Brief, p. 5). The Application to Withdraw further explains that counsel notified Appellant of the withdrawal request and sent Appellant a letter explaining his right to proceed *pro se* or with new, privately-retained counsel to raise any additional points or arguments that Appellant believed had merit.[11] *See id.* at ¶¶ 2-3; *see also* Letter from R. Russell Pugh, Esquire, to Anthony Hunter, dated March 29, 2016 (*Turner/Finley* Brief, p. 7). Accordingly, counsel has substantially complied with the requirements of *Turner* and *Finley*.

---

[10] Counsel included his Application to Withdraw as part of his no-merit brief. *See Turner/Finley* Brief, p. 5. While the preferred practice is that counsel file a separate motion to withdraw, because the Application to Withdraw is proper and counsel's letter to Appellant properly advises Appellant as required and is attached to the brief, we accept counsel's application as properly filed and dispose of the same herein.

[11] The letter further makes clear that counsel supplied Appellant with a copy of the no-merit brief. *See* Letter from R. Russell Pugh, Esquire, to Anthony Hunter, dated March 29, 2016.

As Appellant filed neither a *pro se* brief nor a counseled brief with new, privately-retained counsel, we review this appeal based on the issue of arguable merit raised in the no-merit brief:

> Whether the post-conviction court erred when it denied post-conviction relief on the basis that the PCRA Petition was filed untimely?

***Turner/Finley*** Brief, p. 2.

Our well-settled standard of review for orders denying PCRA relief is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted).

"It is undisputed that a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final." ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa.Super.2013); 42 Pa.C.S. § 9545(b)(1). "This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of a petition." ***Hernandez***, 79 A.3d at 651 (citing ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa.2000)). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). However, a facially untimely petition may be received where any of the

PCRA's three limited exceptions to the time for filing the petition are met.

***Hernandez***, 79 A.3d at 651 (footnote omitted).  These exceptions include:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  As our Supreme Court has repeatedly stated, the petitioner maintains the burden of pleading and proving that one of these exceptions applies.  ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa.2008), *cert. denied*, 555 U.S. 916 (2008).  Further,

> [a] petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2).  In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame under section 9545(b)(2).

***Hernandez***, 79 A.3d at 651-652 (internal quotations omitted).

On October 31, 2013, Appellant entered a negotiated guilty plea.  The trial court sentenced Appellant on the same day.  Because Appellant did not file a direct appeal, his judgment of sentence became final thirty days later,

on December 2, 2013.[12]  **See** 42 Pa.C.S. § 9545(b)(3) ("For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").  Accordingly, Appellant had until December 2, 2014 to timely file a PCRA petition.

Appellant filed the instant petition on September 30, 2015, nearly a year after the expiration of his PCRA limitations period.  Accordingly, Appellant's petition is facially untimely.  Thus, he must plead and prove that his petition falls under one of the Section 9545 exceptions set forth in the PCRA.  **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii).  Appellant's PCRA petition and the amended PCRA petition suggest the Supreme Court of the United States' decision in **Alleyne** provides a time bar exception.  However, Appellant failed to file the instant petition within 60 days of **Alleyne**, and therefore he cannot rely on **Alleyne** for a PCRA time-bar exception.  **See** 42 Pa.C.S. § 9545(b)(2) (petitions invoking exceptions must be filed within 60 days of the date the claim could have been presented).  Further, neither the Supreme Court of the United States nor the Supreme Court of Pennsylvania has held **Alleyne** to apply retroactively to matters on collateral appeal, and therefore **Alleyne** cannot provide Appellant with a time-bar exception, even if properly

_____

[12] The thirtieth day fell on November 30, 2013, a Saturday.  Accordingly, Appellant had until Monday, December 2, 2013 to timely file a direct appeal.

pleaded in his petition. *See Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa.Super.2014). ("[N]either our Supreme Court, nor the United States Supreme Court has held that Alleyne is to be applied retroactively to cases in which the judgment of sentence had become final.").

Because Appellant did not properly plead or prove a time-bar exception based on *Alleyne*, because *Alleyne* does not provide a time-bar exception, and because Appellant's petition neither pleads nor proves any other exception, the petition remains time-barred.[13]

Order affirmed. Application to Withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/2016

_____

[13] We note that, although never waived, illegal sentence claims remain subject to the PCRA's timeliness requirements. *See Commonwealth v. Jackson*, 30 A.3d 516, 521-22 (Pa.Super.2011).